## J. T. PROFFITT v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

### No. 1122. Decided June 16, 1902.

**Master and Servant—Dangerous Place—Measures for Protection—Assumed Risk.**

Evidence considered, in suit by a laborer injured by the falling of a brick wall, and held not to justify an instruction to find for defendant; but to require submission of the question of the master's negligence in failing to provide a safe place to work and proper measures for his protection—the risk not being one he should be held to have assumed as matter of law. (Pp. 594, 595.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Proffitt obtained writ of error upon the affirmance, on his appeal, of a judgment for defendant in a suit brought by him against the railway company.

*Hazelwood & Smith* and *Wilkins & Vinson,* for plaintiff in error.— If the court instructed a verdict for appellee on the ground that there was no evidence that the appellant was injured by the negligence of appellee, it was error, because the evidence showed that the appellee was guilty of such negligence, and that the same caused said injury. McCray v. Railway, 34 S. W. Rep., 95; Railway v. Wood, 63 S. W. Rep., 165; Howser v. Railway, 30 Atl. Rep., 907.

If the court instructed a verdict for appellee on the ground that the evidence showed that appellant assumed any risk of injury, it was error, for the evidence did not show that he assumed such risk. Railway v. Hannig, 43 S. W. Rep., 508; Bonnet v. Railway, 89 Texas, 72; Railway v. Bingle, 42 S. W. Rep., 971; Wood on Mast. and Serv., secs. 385-387.

If the court instructed the jury to find for appellee on the ground that the appellant was guilty of contributory negligence in working where and in the manner he was at the time injured, it was error, for the evidence failed to show such negligence.

It was the imperative duty of the court to submit the case to the jury on the issues raised by the pleading and the evidence. Choate v. Railway, 44 S. W. Rep., 69; Railway v. Murphy, 46 Texas, 356; Heatherly v. Little, 40 S. W. Rep., 445; Johnston v. Drought, 22 S. W. Rep., 290; Bowman v. Brewing Co., 43 S. W. Rep., 808; Telephone Co. v. Taylor, 63 S. W. Rep., 1076.

*T. S. Miller* and *Head & Dillard,* for defendant in error.—(1) The evidence showing that plaintiff was a man of mature years; that he had been working for the defendant for a year and a half about its shops and yards at anything he was called upon to do; that he had at least done work similar to this; that the surroundings about his place of work and the danger to be anticipated from them were equally as open and obvious to him as to the defendant; that he voluntarily went to work at this place and sought no further information or instruction, hence showed that he assumed the risk of working where he was, in the method in which he was working, and the court properly instructed a verdict in behalf of the defendant. (2) The evidence failed to show that there was any defect, danger, or risk that was known to defendant or should have been known to it that was not equally obvious to the observation of plaintiff and equally known to him. (3) The evidence entirely fails to show any negligence upon the part of defendant, and does not show, either in the happening of the accident or otherwise, facts from which negligence on its part could be reasonably presumed. Oil Co. v. Shaw, 65 S. W. Rep., 693; Railway v. French, 86 Texas, 96; Railway v. Lempe, 59 Texas, 19; Brown v. Miller, 62 S. W. Rep., 547; Railway v. Scott, 62 S. W. Rep., 1077; Railway v. Bradford, 66 Texas, 732; Skidmore v. Railway, 23 S. E. Rep., 713; 2 Bailey on Mast. and Serv., sec. 3023; Moon, etc., Gold Mine Co. v. Hopkins, 111 Fed. Rep., 298.

BROWN, ASSOCIATE JUSTICE.—Proffitt had been in the employ of the railway company for about one year and eight months, working about the shops at Denison, "doing most anything," for $1.25 per day. On the 27th day of July, 1900, he was assisting in removing a stationary engine out of a building which was about twenty feet high, with a flat roof,—the walls being of brick. There had been three stationary boilers in the building, two of which had been removed a few days prior thereto. These boilers projected through the wall of the building, there being about six or eight feet on the outside, and the dome and fire-box being on the inside of the building. To remove the boiler, the dome and fire-box were first removed, when the boiler was jacked up and put on rollers so that it could be moved out of the building. The brick in

the wall of the building rested upon the boiler and had to be "punched out" in order to give space through which the boiler could be removed. The gang foreman, Tally, was present during the work and directed plaintiff and the other hands what to do and how to do it.  Plaintiff had been present and assisted in removing the other boilers, and had been at work on the day of his injury about thirty minutes.  From the space in the wall from which one of the boilers had been removed bricks had fallen out and others were loose, so that a brace was placed there in order to sustain the bricks.  The plaintiff had been engaged knocking out some of the brick with a sledgehammer, when another employe got up on the other boiler and began to punch the brick out with a piece of pipe, from which plaintiff got dirt in his eyes and stepped back from the work.  Just at this time the wall gave way and the roof and a part of the wall fell in, whereby Proffitt received his injuries.  Plaintiff had never worked at brick work at any time, except to assist in putting up one smokestack, and he did not know that the wall was defective in any way, or that the work was dangerous; but he could see the openings from which the boilers had been removed, and also the door in the wall about the same place.  The case was tried before a jury and the trial judge instructed the jury to return a verdict for the defendant, which was done and judgment entered accordingly.  The Court of Civil Appeals affirmed the judgment of the District Court.

Under the evidence the jury could have found that the railroad company negligently failed to provide a safe place for plaintiff to perform his work, or to adopt such rules and measures for performing the work as might have protected the plaintiff from injury while engaged thereat. The evidence is not of that conclusive character that would authorize this court to hold, as a matter of law, that the plaintiff assumed the risk of injury from doing the work; therefore the trial court erred in instructing the jury to return a verdict for the defendant, and the Court of Civil Appeals erred in affirming the judgment of the District Court.

It is ordered that both judgments be reversed and that this cause be remanded.

*Reversed and remanded.*